IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CHARLES BISER and
JANICE BISER,

          Plaintiffs,

v.                                        CIVIL ACTION NO.   5:15-cv-15761

MANUFACTURERS AND TRADERS
TRUST COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiffs' *Complaint* (Document 1-2), the *Defendant's Motion to Dismiss Plaintiffs' Complaint* (Document 4), the *Defendant's Memorandum in Support of Its Motion to Dismiss* (Document 5), the *Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss* (Document 7), and the *Reply Brief in Support of Defendant's Motion to Dismiss* (Document 10).  For the reasons stated herein, the Court finds that the Defendant's motion should be granted in part and denied in part.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Plaintiffs, Charles and Janice Biser, initiated this action on November 2, 2015, by filing their complaint in the Circuit Court of Raleigh County, West Virginia.  Defendant Manufacturers and Traders Trust Company, D/B/A M&T Bank, removed the matter to federal court on the basis of diversity jurisdiction on December 2, 2015.

The Plaintiffs allege that they financed a parcel of land in Mineral County, West Virginia, with American Trust, which was later purchased by M&T Bank.  They assert that M&T Bank then "began to engage in the wrongful collection campaign of [alleged] indebtedness through the use of telephone calls placed to the Plaintiffs, by written communications and did otherwise communicate with the Plaintiffs to collect the alleged debt."  (Compl., at ¶ 9.)  However, the Plaintiffs assert that there was no actual indebtedness, and the calls resulted from "confusion within M&T regarding the purchase of mortgage insurance on the subject financing."  (*Id.* at ¶ 10.)  The Plaintiffs further allege that they informed M&T Bank over the telephone, in a letter dated February 6, 2010, and in subsequent letters sent by counsel, that they were represented by counsel and future communications should be directed to their attorney.  The Plaintiffs allege that M&T Bank continued to make weekly telephone calls from August 2010 through March 2015.

The Plaintiffs allege violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), common law negligence, intentional infliction of emotional distress, and common law invasion of privacy.  They seek actual damages and statutory damages for the WVCCPA claims, general damages for the alleged negligence, general and punitive damages for the intentional infliction of emotional distress and common law invasion of privacy, and cancellation of their debts.  M&T Bank filed its motion to dismiss on December 9, 2015.  The Plaintiffs responded on December 23, 2015, and M&T Bank replied on January 4, 2016.  The motion is therefore ripe for review.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009);

2

*Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id*. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v.*

3

*Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

*A. WVCCPA Claims*

The Defendant moves to dismiss the Plaintiffs WVCCPA claims, asserting that the Plaintiff failed to adequately allege that the loan was made primarily for personal, family, or household purposes. Further, the Defendant asserts that the WVCCPA claim for calls made before November 2, 2011, must be dismissed based on the statute of limitations. In response, the Plaintiffs argue that the Defendant's motion to dismiss demonstrates that it understands the allegations, and was thus properly put on notice of the claims against it. The Plaintiffs contend that the calls that took place prior to November 2, 2011, are not time barred because they are part of a continuous tort. In its reply, the Defendant points out that the WVCCPA is a statutory claim, rather than a tort, and each call constitutes a separate violation.

The Court finds that the Plaintiff's WVCCPA claims are adequately pled. Plaintiffs are required to make a short and plain statement of their claim. They are not required to recite the statutory definitions of the elements of every claim. The Plaintiffs allege that they financed a parcel of land and were subject to a wrongful collection campaign of alleged indebtedness. They allege that telephone calls were made to their residence after they had provided the Defendant with

4

their attorney's contact information. In addition to the factual allegations, the Plaintiffs' complaint cites the various statutory sections they allege the Defendant violated, including West Virginia Code Sections 46A-2-125 generally, 46A-2-125(d), and 46A-2-128(e).

The statute of limitations applicable to WVCCPA claims was amended on June 12, 2015, effective for actions filed on or after September 1, 2015. This action was filed on November 2, 2015, and so the new version of the law is applicable. W. Va. Code Section 46A-5-101 provides that actions must be brought within four years after the violations occurred. Each violation of a WVCCPA provision "creates a single cause of action to recover a single penalty." *Sturm v. Providian Nat'l Bank*, 242 B.R. 599, 603 (S.D.W. Va. 1999) (Haden, C.J.). Because each violation creates a separate cause of action, and the statute expressly provides that "no action may be brought more than four years after the violations occurred," the Court finds that those violations that occurred more than four years before this action was filed are time barred. Thus, the Defendant's motion to dismiss any WVCCPA claims for violations prior to November 2, 2011, must be granted.

### B. Common Law Negligence

The Plaintiffs' complaint alleges that M&T Bank "negligently failed to train, supervise, monitor, or otherwise control its employees to ensure that its employees did not violate the WVCCPA." (Compl. at ¶ 25.) The Defendant moves to dismiss the Plaintiffs common-law negligence claim on the basis that they "cannot allege any facts indicating that M&T owed them any duty." (Def.'s Mem. at 1.) The Plaintiffs did not specifically address this ground for dismissal.

The West Virginia Supreme Court has held:

5

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

*Strahin v. Cleavenger*, 603 S.E.2d 197, 201 (W. Va. 2004). Assuming all factual allegations contained in the complaint to be true, M&T Bank knew or should have known that failing to train its employees to comply with the WVCCPA could result in violation of West Virginia consumer protection laws that would harm the Plaintiffs by causing them distress. The Defendant's motion to dismiss as to Count Two must therefore be denied.[1]

### C. Intentional Infliction of Emotional Distress (IIED)

The Plaintiffs allege that M&T Bank's conduct was "atrocious, intolerable, and extreme to as to exceed the bounds of decency" because it willfully violated the WVCCPA and intentionally harassed them. (Compl. at ¶ 28.) They assert that they have suffered emotional distress as a result. The Defendant argues that those allegations do not rise to the level necessary to support an intentional infliction of emotional distress claim.

The West Virginia Supreme Court has established the following elements for IIED claims:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress;

---

[1] The Court has some concern that the Plaintiffs' negligence allegation is not independent of their WVCCPA claims. However, dismissal is not proper at this stage, as the Plaintiffs could prove a negligent training and/or supervision claim separate and apart from their WVCCPA claims. *See, e.g.*, *Ferrell v. Santander Consumer USA, Inc.*, 859 F. Supp. 2d 812, 818 (S.D.W. Va. 2012) (Copenhaver, J.) (denying defendant's motion for summary judgment where plaintiffs alleged defendant breached a duty to properly educate and train employees not to violate state debt collection laws, based on the volume of calls and recordkeeping inconsistencies); *Bailey v. Branch Banking & Trust Co.*, No. CIV.A. 3:10-0969, 2011 WL 2517253, at *3 (S.D.W. Va. June 23, 2011) (Chambers, J.) (noting that Plaintiffs may bring both WVCCPA claims and common law claims that rest on similar facts).

>and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. pt. 3, *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 421 (W. Va. 1998) (reaffirmed in *Hatfield v. Health Mgmt. Associates of W. Virginia*, 672 S.E.2d 395, 404 (W. Va. 2008).

The Court finds that the Plaintiffs have not alleged conduct that can support an IIED claim. Willfully violating consumer protection laws does not automatically constitute intentional infliction of emotional distress. Here, the Plaintiffs have alleged repeated, continuous, and harassing telephone calls over a period of approximately five years. Most of these calls were made after the Plaintiffs had informed the Defendant that they were represented by counsel. Such conduct should not be minimized. However, without more, the Court finds that the alleged conduct was not "atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency." Further, although the Plaintiffs include a bare assertion that they suffered emotional distress as a result of the Defendant's actions, they do not include any allegations that, if proven, would demonstrate emotional distress "so severe that no reasonable person could be expected to endure it." Therefore, the Defendant's motion to dismiss must be granted as to Count Three.

### D. *Common Law Invasion of Privacy*

In Count Four, the Plaintiff alleges common law invasion of privacy, specifying that "[t]he acts of the Defendant in placing telephone calls to Plaintiffs' home telephone number invaded, damaged and harmed Plaintiffs' right to privacy." (Compl. at ¶ 33.) The West Virginia Supreme Court has established the following categories of invasion of privacy: "(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." Syl. Pt. 8, *Crump v. Beckley Newspapers, Inc.*, 320

7

S.E.2d 70, 74 (W. Va. 1983); Syl. Pt. 6, *Tabata v. Charleston Area Med. Ctr., Inc.*, 759 S.E.2d 459, 461 (W. Va. 2014). The allegations here involve an unreasonable intrusion upon seclusion.

Courts in West Virginia have generally adopted the Restatement (Second) of Torts § 652B for claims of intrusion upon seclusion. *See, e.g.*, *Ghafourifar v. Cmty. Trust Bank, Inc.*, No. 3:14-CV-01501, 2014 WL 4809782, at *14 (S.D.W. Va. Aug. 27, 2014) (Eifert, M.J.) *report and recommendation adopted*, No. 3:14-CV-01501, 2014 WL 4809794 (S.D.W. Va. Sept. 26, 2014); *Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 508 (S.D.W. Va. 2014) (Faber, J.); *Harbolt v. Steel of W. Virginia, Inc.*, 640 F. Supp. 2d 803, 817 (S.D.W. Va. 2009) (Chambers, J.). The Restatement provides: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (1977).

Plaintiffs have found it difficult in similar cases to produce evidence of an *intentional* intrusion on seclusion at the summary judgment stage. *See, e.g.*, *Bourne*, 998 F. Supp. 2d at 508; *Ferrell v. Santander Consumer USA, Inc.*, 859 F. Supp. 2d 812, 819 (S.D.W. Va. 2012) (Copenhaver, J.). However, at this stage, the Court considers only whether the Plaintiffs have alleged a plausible cause of action. Comment b(5) of the § 652B of the Restatement suggests that harassing phone calls can support an invasion of privacy claim based on intrusion on seclusion.[2]

---

2 That example provides in full:
    A, a professional photographer, seeking to promote his business, telephones B, a lady of social prominence, every day for a month, insisting that she come to his studio and be photographed. The calls are made at meal times, late at night and at other inconvenient times, and A ignores B's requests to desist. A has invaded B's privacy.

8

Accordingly, accepting all facts in the complaint as true, the Plaintiffs have stated a cause of action for invasion of privacy under West Virginia law. The Defendant's motion to dismiss must be denied as to Count Four.

## CONCLUSION

WHEREFORE, following careful consideration, the Court **ORDERS** that *Defendant's Motion to Dismiss Plaintiffs' Complaint* (Document 4) be **GRANTED** as to Count One with respect to any violations prior to November 2, 2011, and as to Count Three. The Court **ORDERS** that the motion (Document 4) be **DENIED** as to the remaining claims in Count One, as to Count Two, and as to Count Four.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 2, 2016

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA